IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15-CR-20028 |
| v. | ) | |
| | ) | |
| ANDREW EVANS | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Andrew Evans' Motion for Compassionate Release (d/e 34) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). Defendant has not shown his early release is warranted considering either the factors set forth in 18 U.S.C. § 3553 or other extraordinary or compelling reasons. Therefore, Defendant's motion is DENIED.

**I.     BACKGROUND**

On October 14, 2015, Defendant Andrew Evans entered a guilty plea to distributing 28 grams or more of a mixture or substance containing cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), as charged in Counts II and III of the

Indictment. Defendant's guilty plea was made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

On February 22, 2016, the Court accepted the plea agreement and sentenced Defendant to 120 months' imprisonment on each Count to run concurrently and to be followed by 8 years of supervised release on each Count also to run concurrently. Count I of the Indictment was dismissed at Defendant's sentencing hearing.

Defendant is currently serving his sentence at FCI Pekin. Defendant has a projected release date of March 9, 2024. As of October 17, 2021, the Bureau of Prisons (BOP) reports that FCI Pekin has 4 confirmed cases of COVID-19: one infected inmate and three infected staff. See BOP: COVID-19 Update, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last accessed October 17, 2021).

Defendant states that he contracted, and recovered from, COVID-19 while incarcerated at FCI Pekin in January 2021. Defendant also states that, though he was offered it, he refused the COVID-19 vaccine in March 2021. Defendant states that he has refused a vaccine because he is still experiencing long-haul symptoms from his previous infection of COVID-19 and the CDC

does not recommend vaccination for people who are still sick, and because "numerous inmates []have suffered very serious side effects from the Moderna vaccination." Def.'s Mot. (d/e 34), p. 4.

On August 18, 2021, Defendant sent a request for compassionate release and reduction in sentence with the warden of FCI Pekin. On August 31, 2021, the warden at FCI Pekin denied Defendant's request. Therefore, Defendant has filed a Motion for Compassionate Release (d/e 34) pursuant to 18 U.S.C. § 3582(c)(1)(A) in this Court. Defendant states that COVID-19 poses a serious risk to his health due to various other health conditions which put him at increased risk of complications should he contract COVID-19 again, including a Body Mass Index (BMI) of 32, a history of smoking, and a history of asthma.

After Defendant filed his motion, a Notice of Intent Not to File an Amended Motion (d/e 35) was filed by Assistant Federal Public Defender Thomas Drysdale, stating that Mr. Drysdale did not believe it would be necessary to file an amended motion on Defendant's behalf.

On October 15, 2021, the Government filed a Response to Defendant's Motion for Sentence Reduction (d/e 36) opposing

Defendant's request for compassionate release.  The Government argues that Defendant has recovered from COVID-19 once already, that enough time has passed since his recovery for Defendant to be safely vaccinated, that Defendant's claims that other inmates have suffered serious side effects from the Moderna vaccine are without evidence or merit, and that each of the sentencing factors in 18 U.S.C. § 3553 weigh against granting Defendant early release.

## II.   ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now

allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate's request was received by the BOP, whichever is earlier. The statute now provides as follows:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

As an initial matter, Defendant has satisfied the exhaustion requirement because his initial request to the warden of FCI Pekin was denied on August 31, 2021. However, the Court concludes that Defendant has not established that extraordinary and compelling reasons warrant a reduction in his term of imprisonment and,

therefore, does not reach the § 3353 factors inquiry. See United States v. Broadfield, 5 F.4th 801, 802 (7th Cir. 2021) (noting that, under United States v. Gunn, 980 F.3d 1178 (7th Cir. 2020), § 3553 does not apply to prisoner-initiated compassionate release applications). While the spread of COVID-19 has presented extraordinary and unprecedented challenges for the country and poses a serious issue for prisons, the circumstances of Defendant's case do not warrant granting a reduction in his sentence.

Defendant states that he has asthma, is mildly obese, and has experienced "longhaul" symptoms from a previous infection of COVID-19 in January 2021. Each of these would put him at a higher risk of severe illness should he be reinfected. See People with Certain Medical Conditions, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Oct. 20, 2021). However, Defendant's medical records state that Defendant does not suffer from asthma, that he was asymptomatic during his previous COVID-19 infections, and that he has fully recovered from the previous infection. Defendant's medical records also do not show lingering "longhaul" symptoms

from his previous infection, which Defendant stated as a reason for his refusing a COVID-19 vaccine.

Furthermore, while Defendant states that other inmates suffer serious side effects from vaccines, "[t]he federal judiciary need not accept a prisoner's self-diagnosed skepticism about the COVID-19 vaccines as an adequate explanation for remaining unvaccinated, when the responsible agencies all deem vaccination safe and effective." Broadfield, 5 F.4th at 803. "[V]accines provide a much better defense against infections than any judicial order could do," so "prisoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release." United States v. Ugbah, 4 F.4th 595, 597 (7th Cir. 2021) (citing Broadfield, 5 F.4th at 801–03).

Lastly, Defendant still has approximately 29 months remaining on his sentence and was convicted of serious drug offenses.  According to the U.S. Probation Office, Defendant also has no suitable release plan.  The Court, taking all the relevant facts into account, finds that Defendant has not established extraordinary and compelling reasons which warrant a reduction in his term of imprisonment.

### III. CONCLUSION

Defendant Andrew Evans' pro se Motion for Compassionate Release (d/e 34) is, therefore, DENIED.

**ENTERED: October 28, 2021**
**FOR THE COURT:**

　　　　　　　　　　　　　　　　*/s/ Sue E. Myerscough*
　　　　　　　　　　　　　　　　**SUE E. MYERSCOUGH**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**